**In re Appeal of Brian M. PURICELLI from Decision of the Board of Supervisors of Newtown Township.**

**Appeal of Brian M. PURICELLI, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 12, 1998.

Decided March 27, 1998.

Brian M. Puricelli, petitioner, for himself.

Steven Harris, Warrington, for appellee.

Before DOYLE and SMITH, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Brian Puricelli has filed an appeal of a Bucks County Common Pleas Court order quashing his land use appeal and assessing attorneys fees against him.

On February 8, 1995, the Newtown Township Board of Supervisors granted subdivision approval to a development known as Woodmont Farms, with deed restrictions on further development of each of the lots. Sometime before approval was granted (the precise date is not made clear in the record), Puricelli entered into an agreement of sale with Woodmont Farms' seller to purchase one of the lots included in the preliminary subdivision plan. The subdivision plan was given final approval on June 28, 1995 and notice was issued to the applicant two days later.

On June 19 of the following year, Puricelli filed a challenge in common pleas court averring that he was the equitable owner of one of the lots and that the Township acted illegally in imposing a deed restriction against further development of his lot. Puricelli mounted his challenge by way of a land use appeal, asserting that the Township was without authority under the zoning ordinance to restrict subdivision and that such restrictions were unconstitutional.

Then, on August 21, 1996, Puricelli executed an "Agreement of Sale Release," terminating the sales agreement into which he had entered. On September 4, 1996, the Township solicitor sent Puricelli a letter requesting that he withdraw his land use appeal in

light of the purported fact that he no longer had any interest in the property. Puricelli declined to honor this request. The Township then filed a "Motion to Quash Land Use Appeal and Motion for Attorneys Fees." In that motion, the Township requested attorneys fees on the ground that Puricelli's prosecution of the appeal was arbitrary, vexatious and in bad faith.

By order of January 21, 1997, the common pleas court granted the Township's motion to quash and directed the Township to file a petition for attorneys fees. The order is reproduced here:

> And now, this 21 day of January, 1997, upon consideration of the Motion to Quash of the Board of Supervisors of Newtown Township, Appellant's Response thereto, and Memoranda of Law, it is hereby ORDERED and DECREED that the Motion is GRANTED, and the Appeal is quashed.

> It is further ORDERED that the Board of Supervisors may Petition the Court for a hearing on the issue of Attorney's Fees.

Puricelli did not appeal this order.

Thereafter, the common pleas court, on petition of the Township, held a hearing and ordered Puricelli to pay $2,510.60 in attorneys fees on June 9, 1997. On June 23, Puricelli filed a notice of appeal to this Court, referring only to the common pleas court's June 9, 1997 order.

The Township has filed a motion to "quash" that part of Puricelli's brief addressing the propriety of the common pleas court's quashing his land use appeal. The Township thereby asks us to consider only the question of whether attorneys fees were properly assessed, because, it contends, that is the only question before us. By Order of October 31, 1997, we listed the Township's motion to "quash" for oral argument with that of Puricelli's appeal on the merits. Oral argument on both questions was heard February 12, 1998.

For its part, the Township contends that the order of the common pleas court that was entered on January 21, 1997, which quashed Puricelli's land use appeal, was a final order[1] and therefore immediately appealable. Thus, Puricelli was bound to appeal it within thirty days, failed to do so, and has now lost that right.

Puricelli argues, however, that the common pleas court erred in quashing his appeal to it because the United States District Court, Eastern District of Pennsylvania, had already determined that, as an equitable owner of the land, Puricelli enjoyed standing to challenge the Township's placing of deed restrictions on the lot he had agreed to buy. Puricelli further contends that the common pleas court was without authority to award attorneys fees, which the Township sought pursuant to Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503, because such fees may only be assessed when an action is commenced arbitrarily, vexatiously or in bad faith, and his land use appeal raised legitimate questions of law requiring the relief he sought.

We begin with the question of whether the common pleas court's order of January 21, 1997 was a final order which Puricelli cannot now challenge because he did not timely appeal it. Rule 341(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(b), defines a final order as any order that (1) disposes of all claims and parties; (2) is expressly defined as a final order by statute; or (3) in cases where one or more claims for relief are presented in an action, the court or adjudicating government unit enters an order disposing of one or more but fewer than all the claims presented, and expressly determines that an immediate appeal of its order would facilitate resolution of the entire case.

Puricelli argues that the court's January 21, 1997 order was not a final and, therefore, immediately appealable because it did not dispose of the Township's request for attorneys fees and thus did not dispose of all

---

1. Generally speaking, and with few exceptions, Section 5571 of the Judicial Code, 42 Pa.C.S. § 5571, requires that all final orders be appealed to the appropriate appellate tribunal within thirty days. The timeliness of an appeal is not merely a rule of procedure but implicates the appellate court's jurisdiction to consider the appeal. *Reading Anthracite Co. v. Rich*, 525 Pa. 118, 577 A.2d 881 (1990).

claims. The Township counters that Puricelli's notice of appeal did not by its own terms state that he was appealing the court's January 21, 1997 order quashing his appeal, but referred only to the order awarding counsel fees. Furthermore, the Township argues, since the January 21, 1997 order gave the Township the *option* to request fees, there was nothing more for the court to do to end the action. Had the Township chosen not to pursue the attorneys fees, there would have been no question that that order would have been final.

Questions of finality and appealability stem directly from the definition of a final order found in the rule of appellate procedure cited above. It is said generally that the final order in a case is the one that disposes of all its claims and all the parties. The term "claim" is not defined in the Rules of Appellate Procedure or the Judicial Code, however. In this case, the action was commenced with Puricelli's claim for reversal of the Board's decision approving the subdivision plan and removal of the deed restriction on the lot. The Township responded to this claim by asking that it be quashed, additionally asserting its own right to payment of attorneys fees associated with having to defend its decision against a vexatious appeal. The Township's motion to quash, as well as Puricelli's claim for equitable relief, was disposed of by the January 21, 1997 order, although the demand for attorneys fees contained in the Township's motion was not. Thus, it

would appear that that order did not dispose of all claims.

Certainly, had the Township made its demand for attorneys fees in the form of a counterclaim, we would hold that an order was not final until both the initial claim and counterclaim had been disposed of. We have held that an order of the Pennsylvania Public Utility Commission deciding the question of who bore responsibility to make initial repairs to a railroad overpass bridge and scheduling a later hearing, at the request of any party, to determine the allocation of repair costs was not a final order under Pa.R.A.P. 341(b)(1). *Parkesburg Borough v. Pennsylvania Public Utility Commission,* 681 A.2d 872 (Pa.Cmwlth.1996). *Parkesburg Borough* is not entirely on point, however, since it is clear from the decision there that the PUC, in deferring a decision on allocation of costs, was deferring a final determination on the merits of the case—that is, on who was responsible to pay for maintenance of the overpass. It does illustrate, however, the principle followed by courts that orders directing additional proceedings to quantify fee awards are not final when review of those fee award orders would require, as it will here, an inquiry into the merits of the case. *See,* e.g., *Beckwith Machinery Company v. Travelers Indemnity Company,* 815 F.2d 286 (3d Cir.1987);[2] *P.R. Hoffman Materials v. Workmen's Compensation Appeal Board (Zeigler),* 694 A.2d 358 (Pa.Cmwlth.1997).[3] The reason for this result, when a fee award

**2.** The Third Circuit noted that it has "wrestled with" the question of finality where orders disposed of the merits and directed but did not quantify attorneys fees. It also noted the split in the circuits over this question but recognized that the question was "definitively settled with regard to cases involving unquantified attorney's fees when the award of fees is authorized by a separate statute as a collateral matter." *Beckwith,* 815 F.2d at 287 (citing *White v. New Hampshire Department of Employment Security,* 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), holding that the merits order in that case was final and appealable before attorneys fees were quantified). In *White,* the claim for attorneys fees was authorized by 42 U.S.C. § 1988, allowing prevailing parties in civil rights litigation to seek fees. Appellate review of orders awarding such fees would require an inquiry only into "who won" and whether the fees were appropriate; they would not require an examination of the merits of the case.

**3.** This case offers a good illustration in an analogous situation. Citing Pennsylvania Rule of Appellate Procedure 311(f), we explained that orders directing administrative remands, though interlocutory, are appealable as of right where the remanded matter does not require the exercise of discretion. We gave as an example a Workers Compensation Appeal Board (Board) order reinstating benefits to a claimant and remanding the case to the Workers Compensation Judge for their computation. By contrast, we held here that the Board's order remanding solely for a calculation of statutorily authorized *penalties* was not an interlocutory order appealable as of right under the Pennsylvania Appellate Rules. Such penalty calculations require the exercise of discretion, *P.R. Hoffman,* 694 A.2d at 360, review of which would require inquiry into the merits.

or penalty is part and parcel of the relief requested, is that there is no sound reason for an appellate court to conduct a review of an earlier, merits order and then, when a later fee or penalty order is appealed, to revisit the merits again as part of its examination of the latter order.

Nonetheless, the Township maintains that the court's order was not final because, rather than directing a hearing to quantify fees, it gave the Township the *option* of requesting a hearing on attorneys fees, thus allowing it to pursue a fee award as a collateral matter in a separate proceeding. There was nothing left for the court to do.

We cannot accept this argument. First, it is evident that the court's order not only quashed an appeal it found frivolous but also directed the Township on how to proceed to procure the additional remedy it originally sought for having to defend that appeal. Thus, the order had simply not disposed of all aspects of the single controversy raised by the Township's motion. That controversy concerned whether Puricelli's appeal was frivolous because he had no direct and immediate interest in the subdivision plan approval. A determination of whether the Township was entitled to attorneys fees for defending a bad faith appeal would necessarily require a determination of whether that appeal should be quashed as well. The court could not have granted the request for attorneys fees without having quashed the appeal. The Township, though, sought two remedies for Puricelli's conduct and the latter remedy—attorneys fees—was not disposed of until either quantified or denied. Thus, the claim (or claims) raised by the Township's motion were not fully disposed of by the court's January 21, 1997 order. Second, placing an affirmative burden on the Township to request fees *diminishes* the finality of the order because it contemplates further proceedings in the litigation, such as the petition for fees that was in fact filed, a praecipe or some certification to the court that the Township's "option" to seek fees would not be exercised. We hold, therefore, that the order was not final under Pa.R.A.P. 341, and we will proceed to consider Puricelli's argument that the court erred in entering that order.

■ The common pleas court found that Puricelli did not have standing to pursue his land use appeal because he no longer had an ownership in the property to which the deed restrictions were attached. Puricelli argues that the court committed legal error in accepting the Township's averments as set forth in its rule to show cause, because his answer to that rule denied the Township's averments, thereby raising issues of fact which were not countered by deposition, pursuant to the procedure set forth in the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. No. 206.1–206.7. However, the Township's averments that Puricelli lacked standing because he no longer owned the property and that his appeal was vexatious, arbitrary and in bad faith were legal conclusions. The court was bound to accept neither those conclusions nor the opposite conclusions advanced by Puricelli. Puricelli did not deny that he had executed the August 21, 1996 "agreement of sale release." The trial court found that, *for purposes of pursuing his land use appeal,* Puricelli had no standing because even if the court were to grant the relief he sought—removal of the deed restriction on the land—it would be of no benefit to Puricelli since he no longer owned that land.

■ Puricelli next argues that principles of comity dictate that the common pleas court should have accepted the federal district court's judgment that Puricelli had standing. Puricelli cites *Murtagh v. County of Berks,* 535 Pa. 50, 634 A.2d 179 (1993), for this proposition. He also invokes the doctrine of collateral estoppel. We fail to see how the rule of collateral estoppel is breached, however. Puricelli filed a federal § 1983 action alleging violations of his constitutional rights on March 25, 1995, when he was under an agreement of sale to purchase the land in question here. In that lawsuit, Puricelli alleged violations of his procedural and substantive due process rights, his rights to equal protection of the law, and a violation of the Takings and Contracts Clauses of the U.S. Constitution. The district court found that, with respect to his procedural due process challenge, Puricelli had available reme-

dies in a state law challenge to the Township's actions, and found his substantive due process, equal protection, and Takings and Contract Clause claims to be meritless. *Puricelli v. Estate of Elizabeth Bachman, et al.,* No. 95–1713 (E.D.Pa., filed July 9, 1996). Subsequently, on July 19, 1996, Puricelli filed his land use appeal in common pleas court. He then signed an agreement terminating the sale of the land to him on August 21, 1996. The Township's motion to quash, brought on the grounds that Puricelli's land use appeal was untimely and that he had no standing, was filed on October 17, 1996. As between Puricelli's federal and state court actions, we see no identity of cause of action and, certainly at the time the court entertained the motion to quash his appeal, no identity of capacity of the party suing, such that collateral estoppel would apply. *Jacquelin v. Zoning Hearing Board of Hatboro Borough,* 152 Pa.Cmwlth. 568, 620 A.2d 554 (1993). Likewise, under these circumstances, we see no offense to the judicial principle of comity, whereby courts of one jurisdiction abstain or otherwise defer to the judicial decisions of another. *Murtagh.*

 Last, Puricelli advances the hypertechnical argument that the court erroneously awarded attorneys fees because Section 2503(9) of the Judicial Code[4] authorizes such fees only when a matter is *commenced* in bad faith. When he commenced his action, the argument goes, Puricelli was still the equitable owner of the land, and therefore the grounds on which the court found that attorneys fees were warranted did not exist. Suffice it to say that such an interpretation ignores the statute's imposition of sanctions for "conduct ... in commencing the matter *or otherwise.*" It would also vitiate this statutory provision if we were to hold that no attorneys fees were authorized in instances where a change in circumstances rendered the continuation of an action fruitless yet a litigant insisted that it be prosecuted. Beyond that, Puricelli offers no reason in defense of the court's determination that his continuing the land use appeal after rescinding the land sale agreement was vexatious and in bad faith.

We will affirm the orders of the common pleas court.

### ORDER

AND NOW, this 27th day of March, 1998, the orders of the Common Pleas Court of Bucks County, at No. 96–05355–19–5, dated January 21, 1997 and June 9, 1997, in the above-captioned matter are hereby affirmed.

---

4. § 2503. **Right of participants to receive counsel fees**

The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:

(9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith.