

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2004

# Gass v. Allegheny

Precedential or Non-Precedential: Precedential

Docket No. 03-2679

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Gass v. Allegheny" (2004). *2004 Decisions.* Paper 560.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/560

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF
APPEALS FOR THE THIRD CIRCUIT

———————

No. 03-2679

———————

HERBERT S. GASS, JR.;
JOHN ZITELLI, an individual;
DIANE ZITELLI, his wife;
JEFF CORSELLO, an individual;
LYNN CORSELLO, his wife;
MICHAEL LEAHY, an individual;
DOMENIC DIPILATO, an individual;
ANNA DIPILATO, his wife;
ROBINHILL DEVELOPMENT
COMPANY

v.

COUNTY OF ALLEGHENY,
PENNSYLVANIA;
  BOARD OF PROPERTY
ASSESSMENT, APPEALS
AND REVIEW OF ALLEGHENY
   COUNTY;
  KEVIN MCKEEGIN, an individual;
PATRICIA MCCULLOUGH, an
     individual;
   JERRY SPEER, an individual;
  JAMES SKINZER, an individual;
  DEBORAH BARON, an individual;
FREDERICK VALENCENTI, an
     individual

     Herbert S. Gass, Jr.; John Zitelli;
   Diane Zitelli; *Jeff Corsello;

*Lynn Corsello;
Robinhill Development Company,
                              Appellants

(*Per Amended Notice of Appeal filed
6/12/03)

———————

On Appeal from the United States
District Court for the
   Western District of Pennsylvania
     (D.C. Civil No. 02-cv-01394)
   District Judge:  Hon. Joy F. Conti

———————

Argued January 12, 2004

Before:  SLOVITER, RENDELL, and
ALDISERT, Circuit Judges

(Filed June 10, 2004)

———————

Robert A. Goldman   (Argued)
Pittsburgh, PA 15234

      Attorney for Appellants

Charles P. McCullough
      County Solicitor
Caroline P. Liebenguth   (Argued)
      Assistant County Solicitor
Isobel Storch
      Solicitor
Board of Property Assessment
Office of Allegheny County Law
Department
Pittsburgh, PA 15219

      Attorneys for Appellees

SLOVITER, Circuit Judge.

Appellants, property-owning taxpayers in Allegheny County, filed this suit asserting that the Allegheny County Board of Property Assessment, Appeals and Review (the Board) has adopted a policy, custom or practice in processing appeals from property tax assessments that violates their rights to due process. The District Court dismissed this action for lack of subject-matter jurisdiction because of the Tax Injunction Act, 28 U.S.C. § 1341. Because the Tax Injunction Act deprives federal courts of jurisdiction to review challenges to a state property tax system where the state provides a plain, speedy and efficient remedy, we will affirm the decision of the District Court.

**I.**

Appellants, Herbert S. Gass, Jr., John and Diane Zitelli, Jeff and Lynn Corsello, Michael Leahy, Domenic and Anna DiPilato, and Robinhill Development Company, appealed their real property assessments in 2001 and 2002 to the Board pursuant to the procedures set out in Section 207.01, et seq. of the Administrative Code of Allegheny County. The Board's hearing officers held appeals hearings for each of the Appellants and made recommendations to the Board for final resolution of their tax liability. Appellants allege that the Board considered ex parte evidence regarding market values in making the final assessments.

On August 9, 2002, Appellants filed this action pursuant to 42 U.S.C. § 1983 in the Western District of Pennsylvania seeking a declaratory judgment that Appellees, the County of Allegheny, the Board and individual Board members,[1] violated their due process rights by encouraging hearing officers to seek out ex parte evidence of market values and to consider such evidence after the hearings, without affording the property owners notice or the opportunity to respond to the new evidence. Appellants also claimed that hearing officers made arbitrary and capricious recommendations to the Board as to the assessed value of each of their properties.

The Board moved to dismiss the case on the ground that the Tax Injunction Act and principles of comity prevent federal courts from exercising subject-matter jurisdiction over a challenge to a state tax system. Appellants responded that although the Tax Injunction Act bars federal jurisdiction over challenges to a state's assessment, levy, or collection of property taxes, it does not bar challenges to a state's post-payment appeals procedures.

The District Court referred the motion to dismiss to Magistrate Judge Ila

---

[1] The named Board members are Kevin McKeegin, Patricia McCullough, Jerry Speer, James Skinzer, Deborah Baron, and Frederick Valencenti.

Jeanne Sensenich for a Report and Recommendation (R&R). Magistrate Judge Sensenich issued a thorough, well-reasoned report recommending that the District Court grant the Board's motion to dismiss for lack of subject-matter jurisdiction. She reasoned that if a federal court could award damages or declare a state tax system unconstitutional, it could halt the proper functioning of state government in a manner that was antithetical to principles of comity. Judge Sensenich thus rejected Appellants' asserted distinction between the taxing power and the appeals process. Finally, Judge Sensenich found that, in light of recent additions to Pennsylvania law, Pennsylvania's courts provide a "plain, speedy, and efficient" remedy through the process for appeal of tax assessments. The District Court adopted the R&R as the opinion of the court and granted the Board's motion to dismiss for lack of jurisdiction.

On appeal, Appellants argue that 1) the Tax Injunction Act does not apply to their challenge to Pennsylvania's post-payment appeals process; 2) even if the Tax Injunction Act applies to their case, the federal courts still have jurisdiction because Appellants lack a plain, speedy and efficient remedy at state law; and/or 3) the Tax Injunction Act is unconstitutional.

## II.

The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law

where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Although the express language of the Tax Injunction Act only refers to injunctive actions, the Supreme Court has held that the Tax Injunction Act also prohibits federal courts from issuing declaratory judgments holding state tax laws unconstitutional. California v. Grace Brethren Church, 457 U.S. 393, 408 (1982).

### A.

Appellants' first argument is that the Tax Injunction Act does not apply because they have not asked the District Court to "enjoin, suspend or restrain the assessment, levy or collection of any tax." Appellants' Br. at 10 (quoting 28 U.S.C. § 1341). Appellants argue that they only challenge the post-collection appeals process, which does not implicate the Commonwealth's ability to assess, levy, or collect taxes as described in the text of the Tax Injunction Act.[2]

As noted above, Judge Sensenich rejected their attempt to distinguish their challenge from the type of challenge covered by the Act. She concluded that:

> [appellants] ultimately []
> challenge the methods used
> by the Board to assess

---

[2]Although Appellants' initial complaint also requested damages, they clarified during oral argument that they only seek declaratory relief, the cost of the appeal and attorneys' fees.

3

property values (i.e., the Board improperly considers ex parte evidence regarding market values after the appeal hearings are concluded to determine assessment values) and not the appeal process itself. This is exactly the type of claim contemplated by Congress in enacting the Tax Injunction Act . . . .

App. at 15. We agree. The appeal process is directed to the Board's ultimate goal and responsibility of determining the proper amount of tax to assess – a power of "assessment" that explicitly falls within the ambit of the Tax Injunction Act. Appellants' prior payment of the tax does not change the fact that they seek to enjoin Pennsylvania's finalization of assessments or re-assessments of taxes. Appellants' attempt to distinguish the appeals process from the tax assessment is unpersuasive.

### B.

The Tax Injunction Act divests federal courts of jurisdiction only if the state fails to provide a "plain, speedy and efficient" remedy in its court. Appellants argue that the federal courts have jurisdiction over this case because Pennsylvania has failed to provide a "plain, speedy and efficient" remedy at state law.

In determining whether the remedy in Pennsylvania courts is "plain, speedy and efficient," we are guided by the Supreme Court's decision in Rosewell v. La Salle National Bank, 450 U.S. 503 (1981). In Rosewell, a taxpayer challenged Illinois' real estate tax refund procedure, which required taxpayers to pay the tax first and then attempt to contest the assessment and obtain a refund. The plaintiff in Rosewell refused to pay her tax assessments because they were set at a "discriminatory level." Id. at 518 n.22. The plaintiff filed a Section 1983 action and the defendants moved to dismiss for lack of jurisdiction. Because the Court found at the outset that the Tax Injunction Act "generally prohibits federal district courts from enjoining state tax administration," the Court focused on the question of whether Illinois provided an adequate state remedy. Id. at 512.

In Rosewell, the Court construed "plain, speedy and efficient" to mean that a state court must meet "certain minimal procedural criteria," but it did not require that the state's remedy be the best, most convenient, or speediest one. Id. (emphasis in original); see also id. at 518-21 (stating that two-year delay in state court, although regrettable, was not so egregious that it ran afoul of the Act's requirement of a "speedy" remedy). Congress' intent in requiring that the state provide a plain, speedy and efficient remedy was to ensure that the taxpayer be afforded "a full hearing and judicial determination of the controversy," id. at

4

513 (quoting testimony of Senator Bone, 18 Cong. Rec. 1416 (1937)), and be able to appeal to the United States Supreme Court, id. (quoting S. Rep. No. 1035, at 2 (1937)).

In light of the Supreme Court's reluctance "'to interfere with the operation of state tax systems,'" and desire to "'be faithful to the congressional intent to limit drastically federal court interference with state tax systems,'" we have stated that "we must construe narrowly the 'plain, speedy and efficient' exception to the Tax Injunction Act." Sipe v. Amerada Hess Corp., 689 F.2d 396, 404 (3d Cir. 1982) (quoting Grace Brethren Church,

457 U.S. at 412, 413).

We confronted a similar challenge to the one at bar in Behe v. Chester County Board of Assessment Appeals, 952 F.2d 66 (3d Cir. 1991). Behe and other homeowners who claimed that Chester County violated their constitutional rights by failing to revise property assessments annually and causing differential tax burdens between property taxes on newer and older properties filed their suit in federal court pursuant to 42 U.S.C. § 1983. They argued that the Tax Injunction Act did not divest the federal courts of jurisdiction because the Pennsylvania courts did not provide a "plain, speedy and efficient" remedy for their claim. Following an examination of the relevant causes of action and procedures for appealing tax assessments in Pennsylvania, we concluded that Pennsylvania did provide a "plain, speedy, and efficient" remedy for the purposes of the Tax

Injunction Act and dismissed the case for lack of subject-matter jurisdiction. Id. at 68-71.

Shortly thereafter, we reaffirmed the continued vitality of that conclusion in Balazik v. County of Dauphin, 44 F.3d 209 (3d Cir. 1995), where we stated:

> Upon review of the state law canvassed in Behe, we see no need to rehearse those findings here, other than to note that since that time [that Behe was decided] the Pennsylvania Supreme Court has made it easier for taxpayers to bypass existing statutory procedures and bring an action directly in state court. We hold that Pennsylvania provides a "plain, adequate and complete" remedy for § 1983 plaintiffs challenging state taxation policies.

Id. at 218 (emphasis added). Critically, Appellants point to no subsequent case law or legislation that suggests that Pennsylvania has made it more difficult to bring an action challenging tax assessment schemes in state court.

Other similarly-situated plaintiffs availed themselves of Pennsylvania's court system by filing an almost identical action to the one before us in the Court of Common Pleas of Allegheny County. In 2002, they filed a class action, challenging, inter alia, the County's alleged practice of permitting and encouraging the Appeals Board to use ex parte evidence after hearings in violation of their due process rights. Kowenhoven v. County of

5

Allegheny, No. GD02-21763, slip op. at 1-3 (Ct. Com. Pl. of Allegheny County July 10, 2003). The Board filed preliminary objections, including a claim that an adequate statutory remedy existed. The court sustained the Board's objections and dismissed the suit because the plaintiffs had "an adequate statutory remedy, namely the appeal to the common pleas court for a de novo hearing" on their assessment disputes. Id. at 3; see also Murtagh v. County of Berks, 715 A.2d 548, 550-51 (Pa. Commw. Ct. 1998) (en banc) (citing Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n, 515 U.S. 582 (1995)) (taxpayer may not maintain Section 1983 action where state's administrative process provides adequate remedy and taxpayer failed to exhaust administrative remedy); Jordan v. Fayette County Bd. of Assessment Appeals, 782 A.2d 642, 644 (Pa. Commw. Ct. 2001) (en banc) (same).

Appellants here allege that they do not have an adequate remedy in state court because the Court of Common Pleas of Allegheny County dismissed the Kowenhoven action. At the time that Appellants filed their briefs in this court, the Kowenhoven plaintiffs' appeal to the Commonwealth Court was still pending. They thus argued before us that the uncertainty of the pending appeal made the availability of the state court remedy questionable or less than "plain." However, since then, the Commonwealth Court issued its opinion in Kowenhoven v. County of Allegheny, 2004 WL 769711 (Pa. Commw. Ct. Apr. 13, 2004). It affirmed the trial court's order dismissing

the action, agreeing that there was an adequate statutory remedy available.

However, its opinion included language that was highly favorable to Appellants, in that the court expressed concern that the Board's internal guidelines appeared to be inappropriate. Id. at *2. On one hand, the Board sent a memo to hearing officers and case reviewers directing that when making recommendations, "Hearing Officers and Case Reviewers are not to reappraise the property or submit post-hearing evidence." Id. at *1 (quoting Allegheny County Assessment Board Apr. 9, 2002 Memo to Hearing Officers and Case Reviewers) (emphasis in original). On the other hand, the same memo also provided that "[a] Hearing Officer and Case Reviewer who has personal knowledge of an area or more suitable sales comparables to those introduced at a hearing may supply this information for the Board's consideration." Id. The Commonwealth Court characterized the latter practice as "inject[ing] an improper element into the process of adjudication," id. at *4, which "appears to fly in the face of procedural due process notions, which require that parties be afforded an opportunity to confront the witnesses against them . . . ." Id. at *2; see also id. at *4 (plaintiffs may "challenge any improperly considered evidence" and "improper evidentiary matters approved in the Board's memo are not permitted under the statute or the constitution"). The Commonwealth Court further noted that if the plaintiffs filed a de novo appeal asserting that the Board

accepted and relied upon evidence not permitted under the tax assessment statute, the Board "will be <u>required</u> to reject that improperly considered evidence and base a decision only upon evidence properly offered to the hearing officer which [the plaintiffs] had an opportunity to challenge, or such additional evidence that may be then presented." <u>Id.</u> at *4 (emphasis added).

The Commonwealth Court rejected the argument made by the plaintiffs that they were entitled to pretermit the administrative proceedings under <u>Ward v. Village of Monroeville</u>. 409 U.S. 57 (1972) (holding that plaintiff challenging constitutionality of statute authorizing quasi-judicial proceedings was entitled to due process in quasi-judicial hearing beyond <u>de novo</u> appeal to trial court). However, the Commonwealth Court held that because the plaintiffs were challenging the application and interpretation of the assessment statute, rather than its constitutionality, <u>Ward</u> did not support their argument. <u>Id.</u> at *2-3; <u>see also</u> <u>Jordan</u>, 782 A.2d at 646 (holding that attacks on the application of a statute, rather than "frontal attacks" on a statute's constitutionality, do not trigger equity jurisdiction and are appropriate for Board review). The court thus concluded that

> under the local rules applicable in this case, [the plaintiffs] have the opportunity to claim in an appeal to common pleas that the implementation of the process as enunciated in the

Board's policy memo results in a violation of their procedural due process rights, or more simply to assert that the Board committed an error of law by considering such evidence.

<u>Kowenhoven</u>, 2004 WL 769711, at *4.

Based on the above, we reject Appellants' argument that Pennsylvania provides inadequate remedies. The Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review. Appellants' failure to obtain relief in the state courts does not impugn either the adequacy or the accessibility of the Commonwealth's courts. And the Commonwealth Court's dicta regarding the impropriety of Allegheny County's procedures suggests that the court agrees with many of Appellants' objections, but nonetheless requires that they pursue the appropriate statutory and administrative remedies in asserting those grievances. In short, Pennsylvania's requirement that dissatisfied taxpayers pursue administrative remedies for as-applied challenges does not imply that they are without an adequate remedy.

Indeed, the Second Class County Assessment law creates a seven-member Board of Property Assessment, Appeals and Review "[i]n order to more efficiently and equitably assess and value persons,

property and subjects of taxation for county purposes . . . ." 72 P.S. §§ 5452.1-2. The Board is tasked with "hear[ing] all cases of appeals from assessments, and all complaints as to assessments, errors, exonerations and refunds." 72 P.S. § 5452.4(c). The Assessment Board of Allegheny County also has promulgated procedures and practices for Appeals Hearings, including requirements that hearing officers must provide reports with factual findings, conclusions of law, and recommendations to the full Board. Kowenhoven, 2004 WL 769711, at *1 (citing Allegheny County's Admin. Code § 207.07E). The General County Assessment Law provides further protections for dissatisfied taxpayers:

> Whenever through mathematical or clerical error an assessment is made more than it should have been, and taxes are paid on such incorrect assessment, the county commissioners, acting as a board of revision of taxes, or the board for the assessment and revision of taxes, upon discovery of such error and correction of the assessment shall so inform the appropriate taxing district or districts, which shall make a refund to the taxpayer or taxpayers for the period of the error or six years, whichever is less, from the date of application for refund or discovery of

such error by the board.

72 P.S. § 5020-505.1.

Pennsylvania provides for adequate notice to taxpayers of the appeals procedures. General County Assessment Law 72 P.S. § 5020-508 requires that the Board "give written or printed notice, at least five days before the day of appeal, to every taxable inhabitant within the respective" taxable area, along with "the amount of the present assessment, valuation and ratio, the amount or sum of which he stands rated, and the rate per cent of the tax, and of the time and place of such appeal." The Board or its officers must further give notice, by advertisement in one or more local newspapers, at least three weeks before the day of appeal, of the time and place fixed for the appeal. 72 P.S. § 5020-509. Real estate owners who feel aggrieved by an assessment of their real estate may appeal from the decision of the Board of Property Assessment, Appeals and Review to the local Court of Common Pleas, and may further appeal to the Superior or Supreme Court. 72 P.S. §§ 5020-518.1-519. In short, Appellants have a fully-developed administrative and judicial apparatus through which they may grieve their claims. Because the state forum provides the procedural minimum required and "plainly" is accessible to Appellants, the state court remedy is adequate.

Appellants argue that if the federal courts were to assume jurisdiction of their claim, it would not upset the primary purpose of the Act: preventing out-of-

8

state corporations from gaining unfair advantages in litigation. It is true that this court has previously suggested that one purpose of the Tax Injunction Act was to "deprive out-of-state corporations of an advantage over state taxpayers in being able to threaten localities with protracted injunctive litigation in federal courts which induce[] the localities to compromise their tax claims." Robinson Protective Alarm Co. v. City of Philadelphia, 581 F.2d 371, 375 (3d Cir. 1978). However, the Supreme Court in Rosewell did not accept the notion that the above-stated concern was the sole purpose of the Act. The Court instead clarified that, "first and foremost," the Act was designed to prohibit federal judicial interference with local tax collection. Rosewell, 450 U.S. at 522 & n.29. As such, we reject Appellants' interpretation of the legislative intent of the Act.

### C.

Lastly, Appellants argue that the Tax Injunction Act is unconstitutional to the extent that it deprives them of a forum to adjudicate their constitutional claims. This argument is baseless. Because the Tax Injunction Act only prohibits federal jurisdiction where there is a "plain, speedy, and efficient" remedy at state law, the Act clearly provides for a forum in which Appellants may grieve their alleged deprivation. Where the state forum is adequate, parties may assert their constitutional claims in state court; where the state forum is inadequate, parties may sue in federal court. Because the Pennsylvania state courts are open to Appellants, they may (continue to) pursue their constitutional claims in state court.[3]

### III.

For the foregoing reasons, we will affirm the judgment of the District Court finding that it lacks subject-matter jurisdiction to review Appellants' claim.

---

[3]Because the federal courts do not have jurisdiction to review Appellants' claim, we need not address the substance of Appellants' claim regarding the use of ex parte evidence during the appeals process.