DLD-023                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1842
_____

WILLIAM A. HIMCHAK, III, Navy Veteran

v.

ATTORNEY GENERAL PENNSYLVANIA; GOVERNOR OF PENNSYLVANIA;
PENNSYLVANIA DEPARTMENT OF EDUCATION, Office of Chief
Counsel - Harrisburg, PA; PENNSYLVANIA DEPARTMENT OF MILITARY
AND VETERANS AFFAIRS, Director - Annville, PA; BILL SHUSTER,
Congressman, 9th Dist. (PA) - Harrisburg, PA; RICHARD ALLOWAY, II,
Senator, 33rd Dist. (PA) - Harrisburg, PA; R. THOMAS, Chairman,
Franklin Co. Commissioners Ofc. - Chambersburg, PA; D. KELLER,
Commissioner, Franklin Co. Commissioners Ofc. - Chambersburg, PA;
R. ZIOBROWSKI, Commissioner, Franklin Co. Commissioners
Ofc. - Chambersburg, PA; MARYBETH SHANK, Atty, Franklin Co.
Tax Solicitor - Chambersburg, PA; DENNIS R. O'TOOLE, Franklin Co.
Tax Claim Bureau (FCTCB), (fmr.) Tax Director - Chambersburg, PA;
ANITA L. KELLER, Franklin Co. Tax Claim Bureau (FCTCB), Tax
Director - Chambersburg, PA; JUSTIN D. SLEP, Franklin Co. Veterans
Affairs (VA), Director - Chambersburg, PA; DANE ANTHONY, Franklin Co.
Sheriff's Office, Sheriff - Chambersburg, PA; JERROLD A. SULCOVE, Atty,
Chambersburg Area School District (CASD) - Chambersburg, PA; RHODIA THOMAS,
Exec. Director - Atty, MidPenn Legal Services - Harrisburg, PA; BRANDON
COPELAND, Atty, Midpenn Legal Services - Chambersburg, PA

William A. Himchak, III,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-14-cv-01640)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2015
Before:  CHAGARES, GREENAWAY, JR. and SLOVITER, Circuit Judges

(Opinion filed:  November 13, 2015 )
_____

OPINION[*]
_____

PER CURIAM

Appellant, William A. Himchak, III, appeals pro se from the District Court's order dismissing his complaint for lack of jurisdiction under the Tax Injunction Act.  Because the appeal is lacking in arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i).

I.

Himchak is a resident of, and homeowner in, Franklin County, Pennsylvania.  In August 2014, he filed a complaint pursuant to 42 U.S.C. § 1983 in the District Court challenging the real estate and school property taxes assessed on his house located at 980

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Cranberry Drive in Chambersburg. Himchak named as defendants members of the Franklin County Tax Claim Bureau as well as various other state and county government officials.[1] Himchak alleged, <u>inter alia</u>, that the defendants had violated his due process rights by "engag[ing] in deceptive and malicious taunting and unlawful criminal extortion[ and] racketeering" by seeking to recover unpaid property taxes. (Compl. 2, ECF No. 1.) Himchak further alleged that the County's property taxes are unconstitutional, and that the defendants' extortion tactics, deadly threats, and attempts to steal his private property amount to domestic terrorism. By way of relief, Himchak requested compensatory and punitive damages, as well as an order declaring property taxes unconstitutional in all Commonwealth counties.[2]

---

[1] Specifically, Himchak named the following defendants in the complaint: Pennsylvania Attorney General Kathleen Kane; Pennsylvania Governor Tom Corbett; the Pennsylvania Department of Education, Office of Chief Council; the Pennsylvania Department of Military and Veterans Affairs; Pennsylvania Congressman Bill Shuster; Pennsylvania Senator Richard Alloway, II; Franklin County Commissioner R. Thomas; Franklin County Commissioner D. Keller; Franklin County Commissioner R. Ziobrowski; Franklin County Tax Solicitor Mary Beth Shank; Franklin County Tax Claim Bureau and former Director Dennis R. O'Toole; Franklin County Tax Director Anita L. Keller; Franklin County Veterans Affairs and Director Justin D. Slep; Franklin County Sheriff Dane Anthony; Chambersburg Area School District and Attorney Jerrold Sulcove; Attorney Rhodia Thomas, Executive Director, Mid Penn Legal Services; and Attorney Brandon Copeland, Mid Penn Legal Services.

[2] Shortly after filing his complaint, Himchak filed an emergency motion for a preliminary injunction to prevent the County from selling his property due to his failure to pay 2012 taxes. Himchak asked the District Court to enjoin the sale while his appeal from his 2014 property tax assessment was pending. On September 22, 2014, the District Court denied the motion on the ground that the sale was related to his 2012 tax assessment—not the 2014 assessment under review. Himchak filed four motions for reconsideration, but the District Court denied each one. Upon review, we discern no error in the District Court's

The District Court referred the matter to a Magistrate Judge who reviewed the complaint pursuant to 28 U.S.C. § 1915(e) and recommended that the court dismiss it for lack of jurisdiction under the Tax Injunction Act.[3]  The District Court agreed, overruled Himchak's objections, determined that any amendment would be futile, and dismissed the complaint.[4]  Himchak filed a timely appeal.

## II.

We have jurisdiction to consider this appeal pursuant to 28 U.S.C. § 1291. Because Himchak has been granted in forma pauperis status pursuant to 28 U.S.C.

---

order denying injunctive relief, see Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991), or any abuse of discretion in its subsequent orders denying reconsideration thereof, see Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

[3] The Magistrate Judge correctly concluded that the complaint was deficient for numerous additional reasons, including: failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure; failure to establish personal involvement of defendants Kathleen Kane, Tom Corbett, Bill Schuster, and the Pennsylvania Departments of Education and Military & Veteran Affairs; failure to overcome the sovereign immunity bar with regard to the Departments of Education and Military & Veteran Affairs; and improperly attempting to initiate criminal proceedings as a private person.  Upon review, we add that Himchak's complaint was also deficient insofar as he failed to allege that the attorneys at Mid Penn Legal Services were state actors.  See Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that []he was deprived of a federal constitutional or statutory right by a state actor.").

[4] In its order adopting the Magistrate Judge's Report and Recommendation, the District Court also denied Himchak's motions requesting intervention in a Franklin County action to quiet title.  (Mots., ECF Nos. 27 and 31.)  Because the District Court correctly concluded that it lacked jurisdiction to interfere in the County's tax assessment procedures and remedies, it properly denied these motions.

4

§ 1915, we may dismiss his appeal under § 1915(e)(2)(B)(i) if it has no arguable basis in law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We will dismiss this appeal pursuant to § 1915(e)(2)(B)(i).  The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  While § 1341 speaks only in terms of equitable relief, principles of comity also bar actions seeking damages.  See Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 107 (1981).  Thus, "a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes" if the state provides an adequate remedy.  Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998).

The District Court correctly concluded that it lacked subject matter jurisdiction to consider Himchak's challenges to the Franklin County real estate and school property tax assessments.  We have repeatedly held that the Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges to a county's assessment of real property taxes, see Gass v. County of Allegheny, 371 F.3d 134, 137-38 (3d Cir. 2004), and Himchak has not demonstrated that the state's administrative and judicial systems are inadequate or unavailable to him.[5]  See Behe v. Chester Cty. Bd. of Assessment Appeals,

---

[5] Because Himchak could not have cured the jurisdictional defect through any amendment, the District Court did not err in dismissing the complaint without first providing him leave to amend it.  See Fletcher-Harlee Corp. v. Pote Concrete

952 F.2d 66, 68 (3d Cir. 1991) (holding that the Tax Injunction Act barred federal jurisdiction over homeowners' claims of unconstitutional taxation because Pennsylvania offers adequate remedy to challenge property assessment procedures).

## III.

Because this appeal lacks arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i).  Himchak's motions for injunctive relief are denied as moot.

---

Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).