BLD-278                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1622
_____

JEFFREY W. SMILES,
                              Appellant

v.

COUNTY OF BERKS A Political Subdivision of the Commonwealth of
Pennsylvania also known as BERKS COUNTY;
BERKS COUNTY TAX CLAIM BUREAU
An Agency of the Treasurer's Office of Berks County;
BRENDA S. SHAW, in her Individual Capacity;
KATHIE E. STANISLAW, in her Individual and Official Capacity;
LILLIAN B. CRAMSEY, in her Individual and Official Capacity;
STACEY A. PHILE, in her Individual and Official Capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 18-cv-03833)
District Judge:  Honorable Edward G. Smith

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 12, 2019
Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed:  October 2, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Jeffrey Smiles appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which dismissed his complaint, granting the Defendants' motions under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. As no substantial question is raised by this appeal, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.

Smiles's 87-page complaint (plus exhibits) was his third complaint raising nearly identical civil rights claims and claims under federal criminal statutes against individuals and entities that are or were involved in attempting to collect real property taxes from Smiles.[1] In these suits, Smiles claims that he does not need to pay taxes because he is a "non-taxpayer" and "one of the sovereign people of the Commonwealth of Pennsylvania." Dkt. #1, ¶¶ 18, 37-38, 40. The District Court properly dismissed the complaint for lack of subject matter jurisdiction.[2]

---

[1] Smiles v. Shaw, E.D. Pa. Civ. No. 17-cv-01355, was dismissed as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), and because it failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Smiles did not file an amended complaint, despite being invited to do so. A few months later, however, he filed a nearly identical complaint, captioned Smiles v. County of Berks, and docketed at E.D. Pa. Civ. No. 17-cv-03543. That complaint was dismissed for the same reasons, and because Smiles "may not initiate duplicative cases against the same defendants in the same court." Smiles v. County of Berks, 2017 WL 3496486, at *2 (E.D. Pa. Aug. 14, 2017).

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Smiles's complaint for lack of subject matter jurisdiction. Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc., 694 F.3d 340, 347 (3d Cir. 2012). The District Court properly dismissed the complaint without prejudice. See In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152,

The Tax Injunction Act prohibits a federal court from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Additionally, the Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts" so long as "plain, adequate, and complete"[3] remedies are available in state court. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981). As we have explained, "[t]aken together, the Tax Injunction Act and the Supreme Court's decision in McNary make it clear that a federal court cannot entertain a suit posing either an equitable or a legal challenge to state or local taxes . . . if a sufficient remedy . . . is available in state court." Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998).

This Court has repeatedly held that the Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges to a county's assessment of real property

---

155 (3d Cir. 1997). We generally have jurisdiction only when a dismissal is with prejudice, but a plaintiff can appeal from a dismissal without prejudice when, as here, "he cannot cure the defect in his complaint." Booth v. Churner, 206 F.3d 289, 293 n.3 (3d Cir. 2000).
.
[3] The McNary Court stated:

> We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has been used in articulating the doctrine of equitable restraint, and those which are "plain, speedy and efficient," within the meaning of § 1341.

454 U.S. at 116 n.8.

taxes.  See, e.g., Gass v. County of Allegheny, Pa., 371 F.3d 134, 137-38 (3d Cir. 2004).

Indeed, Smiles has not demonstrated that the state's "fully-developed administrative and

judicial apparatus" by which a taxpayer may challenge an assessment of his property, see

id. at 140, has become inadequate or unavailable since Gass.  Accordingly, Smiles's

challenge to Berks County's actions, and that actions of the other individuals and entities

involved, fails for want of subject matter jurisdiction.[4]  The District Court therefore did

not err in dismissing Smiles's complaint.[5]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[4] To the extent Smiles sought to bring claims against the Defendants under federal criminal statues, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, dismissal of the criminal claims for lack of jurisdiction was also proper.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper . . . when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)).

[5] In an affidavit in support of his appeal, Smiles contends that he never received the motion to dismiss filed by Defendant Lillian B. Cramsey, and that it was unfair of the District Court to dismiss his case without allowing him to respond to that filing. However, even assuming that is true (we note that Cramsey's motion includes an appropriate certificate of service), Smiles was not prejudiced by his inability to respond, as Cramsey's motion simply "incorporate[d] by reference" the earlier motion to dismiss filed by the other Defendants.  Dkt. #13.  Thus, Smiles had an opportunity to respond to all of the arguments put forth by the Defendants.