**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1140
_____

JEFFREY GIBSON,
                                        Appellant

v.

SUSQUEHANNA TOWNSHIP AUTHORITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:20-cv-01891)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 17, 2021

Before: GREENAWAY, JR., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed:   December 6, 2021)
_____

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Jeffrey Gibson appeals from the order dismissing his complaint as frivolous and for failure to state a claim. We will affirm.

In his complaint, Gibson argued that stormwater utility charges imposed by defendant Susquehanna Township Authority ("STA") are an unconstitutional tax. A Magistrate Judge issued a Report and Recommendation, noting that if the stormwater runoff charges were considered taxes, the District Court would lack jurisdiction under the Tax Injunction Act, and instead treating the charges as fees for services. He liberally construed the complaint as having been brought under 42 U.S.C. § 1983, and he recommended that the complaint be dismissed as frivolous and for failure to state a claim. The District Court adopted the Report and Recommendation and dismissed the complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Gibson timely appealed.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to dismiss a complaint under § 1915(e)(2)(B) as legally frivolous or for failure to state a claim. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). "To be frivolous, a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." Mitchell v. Horn, 318

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

F.3d 523, 530 (3d Cir. 2003) (quoting Neitzke v. Williams, 490 U.S. 319, 327–28 (1989)). In reviewing a dismissal for failure to state a claim, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

We agree with the District Court that, to the extent that the stormwater charges could be construed as taxes, the District Court lacked jurisdiction. The Tax Injunction Act prohibits a federal court from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Additionally, the Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts" so long as "plain, adequate, and complete"[1] remedies are available in state court. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981). We have repeatedly held that the Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges to a county's assessment of real property taxes. See, e.g., Gass v. Cnty. of Allegheny, Pa., 371 F.3d 134, 137-38 (3d Cir. 2004).

---

[1] The McNary Court stated:

> We discern no significant difference, for purposes of the principles recognized in this case, between remedies which are "plain, adequate, and complete," as that phrase has been used in articulating the doctrine of equitable restraint, and those which are "plain, speedy and efficient," within the meaning of § 1341.

454 U.S. at 116 n.8 (citations omitted).

To the extent that the stormwater charges were fees for service, we agree with the District Court that the complaint was legally frivolous and failed to state a claim. As thoroughly explained by the District Court, the constitutional provisions invoked by Gibson have no bearing on his allegations, namely that the stormwater charges constitute an impermissible tax on "God," who made the rain.

Finally, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without providing Gibson an opportunity to amend, because amendment would have indeed been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For the foregoing reasons, we will affirm the District Court's dismissal of Gibson's complaint.