**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2868
_____

XIRUI SHI,
                            Appellant

v.

MICHAEL MCGEEVER, In His Official Capacity; COUNTY OF ALLEGHENY DEPT
OF RECORDS; ALLEGHENY COUNTY SHERIFF OFFICE; KEVIN M. KRAUS, In
His Official Capacity; CHURCHILL BOROUGH; ALEXANDER J. GRAZIANI, In His
Official Capacity; TRI-COG LAND BANK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-23-cv-00893)
District Judge:  Honorable Christy Criswell Wiegand

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2024

Before: SHWARTZ, RESTREPO, and FREEMAN, Circuit Judges

(Opinion filed: April 4, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This matter relates to a piece of property in the borough of Churchill, located in Allegheny County, Pennsylvania. The borough filed a Writ of Scire Facias Sur Tax Lien against Xirui Shi and Nan Shi for unpaid taxes. After three years without a response from the Shis, the Court of Common Pleas entered a default judgment against them, and ordered the public sale of the property, which was purchased by Defendant Tri-Cog Land Bank.

Xirui Shi filed a complaint pro se pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated her constitutional rights through the sale and the proceedings that led up to it. Tri-Cog filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Similarly, Defendants Churchill Borough and Alexander J. Graziani, the CEO of the borough, filed a motion for judgment on the pleadings, citing Federal Rule of Civil Procedure 12(c). Those three Defendants argued that the District Court lacked jurisdiction under the Tax Injunction Act. The District Court agreed, granting their motions and dismissing Shi's complaint without prejudice. This appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "The standard of review is plenary where the District Court dismisses for lack of subject matter jurisdiction." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).[1]

---

[1] Although the District Court's dismissal was without prejudice, that order is nevertheless final and appealable because Shi can do nothing to cure her complaint. See Presbytery of N.J. of the Orthodox Presbyterian Church v. Florio, 40 F.3d 1454, 1461 n.6 (3d Cir. 1994).

The Tax Injunction Act states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Coupled together, the Tax Injunction Act and the principles of comity discussed by the Supreme Court in Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100 (1981), "make it clear that a federal court cannot entertain a suit posing either an equitable or legal challenge to state or local taxes" if the state provides an adequate remedy. Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998). "The Tax Injunction Act does not require that the state courts provide a favorable substantive outcome; instead, it only requires access to the state courts and an opportunity for meaningful review." Gass v. County of Allegheny, Pa., 371 F.3d 134, 139 (3d Cir. 2004).

Shi argues in her brief that the dismissal of her complaint was inappropriate, but we find this claim to be meritless given the tax issues that form the basis of her case, the applicability of the Tax Injunction Act, the principles of comity discussed in McNary and Kerns, and the availability of state court remedies. Id. We agree with the District Court that Shi could have obtained effective relief through state court, and that the Tax Injunction Act therefore barred her from bringing her case in federal court. For this reason, the District Court correctly concluded that dismissal for lack of subject matter jurisdiction was required.

Accordingly, we will affirm the judgment of the District Court.