BLD-029                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2292
_____

ALPHONSO NICHOLAS FAGGIOLO,
Appellant

v.

COUNTY OF DELAWARE, A Political Subdivision of the Commonwealth of
Pennsylvania; DELAWARE COUNTY TAX CLAIM BUREAU, An Agency of the
Treasurer's Office of the County of Delaware; JOHN VAN ZELST; SUSAN BROCHET;
KAREN DUFFY, In their Individual and Official Capacity
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No.2-23-cv-01904)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.
November 14, 2024

Before:  SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 5, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Alphonso Faggiolo, proceeding pro se, appeals from the District Court order granting Appellees' motion for dismissal for lack of subject matter jurisdiction. Appellees have filed a motion for summary affirmance of the District Court's order.[1] (CA 10.) As no substantial question is raised by Faggiolo's appeal, we grant Appellees' motion and will summarily affirm the decision of the District Court.

I.

This matter relates to a property in the borough of Ridley Park, located in Delaware County, Pennsylvania. (ECF 1 at 7.) In May 2023, Alphonso Faggiolo filed a pro se complaint pursuant to 42 U.S.C. §§ 1982, 1983, 1985, and 1986, alleging that the Defendants collectively violated his constitutional rights by assessing and attempting to collect real estate taxes on his property. (ECF 1 at 7.) Faggiolo sought both damages and injunctive relief. (ECF 1 at 9-10, 92-95.)

All Defendants filed motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of standing, failure to state a claim, and lack of subject matter jurisdiction. (ECF 7, 9, 10, 11.) Defendants argued, inter alia, that the District Court lacked jurisdiction under the Tax Injunction Act and the principle of comity. (ECF

---

[1] Faggiolo filed a response opposing summary affirmance, (CA 13) then filed a motion to strike Appellees' motion, arguing that it was untimely under Third Circuit Local Appellate Rule 27.4(b) since it was filed six days after his pro se brief was due. (CA 14.) His point is well taken, but as Appellees correctly argue, "the language used in the [R]ule is not mandatory" and therefore there was no "absolute requirement or "deadline" for their motion. **(CA 15.)** Rather than simply ignoring the timeline, Appellees' counsel should have requested leave to file their summary action motion out of time. But because Rule 27.4(b) is not mandatory or rigid, and the short delay in filing the summary action motion has not prevented Faggiolo from presenting his arguments to this Court or otherwise prejudiced him, we deny his motion to strike it.

9, 11.)  The District Court agreed, granted their motions, and dismissed Faggiolo's complaint.[2]  (ECF 24.)  Faggiolo filed a motion for reconsideration.  (ECF 25)  The District Court denied Faggiolo's motion, finding that he sought to "relitigate arguments the District Court ha[d] already considered."  (**ECF 29 at 3.**)  This timely appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and have plenary review over dismissals for lack of subject matter jurisdiction.  Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  We generally have jurisdiction only when a dismissal is with prejudice, but a plaintiff can appeal from a dismissal without prejudice when, as here, "he cannot cure the defect in his complaint."  Booth v. Churner, 206 F.3d 289, 293 n.3 (3d Cir. 2000).

## III.

The Tax Injunction Act prohibits federal courts from enjoining "the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Additionally, the principle of comity bars taxpayers "from asserting § 1983 actions against the validity of state tax systems in federal courts" if the state court provides "plain, adequate, and complete" remedies.  Fair Assessment in Real Est. Ass'n v. McNary, 454 U.S. 100, 116 (1981);

---

[2]  Although the District Court did not specify, its dismissal was without prejudice.  See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 182 (3d Cir. 1999) (agreeing that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'").

Kerns v. Dukes, 153 F.3d 96, 101 (3d Cir. 1998). We have repeatedly held that Pennsylvania state courts provide a "plain, speedy, and efficient" remedy for challenges to assessments of real property taxes. See, e.g., Gass v. County of Allegheny, Pa., 371 F.3d 134, 139 (3d Cir. 2004).

Faggiolo argues in his response to Appellees' motion for summary action that the dismissal of his complaint was improper because he brought his claims as a civil rights complaint. (CA 13 at 6.) We find his argument meritless given the tax issues that form the basis of his case, the applicability of the Tax Injunction Act, the principles of comity discussed in McNary and Kerns, and the availability of state court remedies. We agree with the District Court that Faggiolo could have sought effective relief through state court, and that the Tax Injunction Act and the principle of comity therefore barred him from bringing his case in federal court. We further agree that Faggiolo's motion for reconsideration did not involve an intervening change in controlling law, newly discovered evidence, or allegations of clear errors of law or fact. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). For these reasons, the District Court correctly dismissed Faggiolo's complaint for lack of subject matter jurisdiction.

Accordingly, Faggiolo's appeal presents no substantial question, so we grant Appellees' motion and will summarily affirm the judgment of the District Court. See Third Circuit Local Appellate Rule 27.4(a). Appellant's motion to strike Appellees' motion for summary action is denied.

4